NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  WILLIAM EISEN, Debtor, ------------------------------ WILLIAM EISEN, Appellant, v. JEFFREY I. GOLDEN, Attorney, Chapter 7 Trustee, Appellee. | No. 15-56478 D.C. No. 8:15-cv-00460-TJH MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor William Eisen appeals pro se from the district court's order affirming the bankruptcy court's order allowing administrative claims and expenses. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the bankruptcy court independently without deference to the district court's determinations. *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion in granting the trustee's application for payment of administrative claims, and overruling Eisen's objection, because the bankruptcy court had previously denied Eisen's motion for payment of his secured claim, and Eisen failed to appeal that denial. *See In re Dant & Russell, Inc.*, 853 F.2d 700, 707 (9th Cir. 1988) (bankruptcy court has discretion in allowing administrative claims). Contrary to Eisen's contentions, the bankruptcy court's prior order denying his motion was final and appealable, *see In re P.R.T.C., Inc.*, 177 F.3d 774, 780 (9th Cir. 1999), and not subject to collateral attack, *see Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (finding collateral attacks on a bankruptcy court injunction "cannot be permitted . . . without seriously undercutting the orderly process of the law"); *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991) (failure of the debtors to seek any review, reconsideration, or stay of the bankruptcy court's order precluded collateral attack

15-56478

on the order by means of a later-filed adversary complaint).

Eisen is estopped from claiming that the issue of the validity of his lien could only have been decided in an adversary proceeding against him where he himself brought the motion seeking to enforce his lien. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 716 (9th Cir. 1990) (the doctrine of judicial estoppel precludes parties from taking inconsistent positions in the same litigation).

The district court did not abuse its discretion in assigning this case to the Honorable Terry J. Hatter. *See Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) ("District court judges have broad discretion regarding the assignment or reassignment of cases." (citation omitted)).

We reject as without merit Eisen's contention that his due process rights were violated by a purported lack of notice that the validity of his lien was at issue.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Eisen's request to remand this case back to the Bankruptcy Appellate Panel is denied.

**AFFIRMED.**